IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-78,308-01






EX PARTE JOHN PAUL WALDON, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 1199792 IN THE 262ND DISTRICT COURT


FROM HARRIS COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of felon in
possession of a firearm and sentenced to twenty-five years' imprisonment. The First Court of
Appeals affirmed his conviction. Waldon v. State, No. 01-09-00864-CR (Tex. App.--Houston [1st
Dist.] 2011, pet. ref'd).

 Applicant contends, among other things, that trial counsel failed to argue that, because the
anonymous tip in his case lacked a moderate indicia of reliability, Florida v. J.L., 529 U.S. 266
(2000), the search of his car was illegal. 

 The trial court adopted the State's proposed findings of fact and conclusions of law and
recommended that we deny this application. These findings and conclusions are insufficient. They
are based on conclusory legal principles and are often not germane to Applicant's claims. (1)

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Patterson, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall order trial counsel to respond to Applicant's claim. The trial court may use any means set out
in Tex. Code Crim. Proc. art. 11.07, § 3(d). 

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent him at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make further findings of fact and conclusions of law as to the reason
Applicant was stopped. It shall also determine whether the performance of Applicant's trial counsel
was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial
court shall also make any other findings of fact and conclusions of law that it deems relevant and
appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court.


Filed: October 31, 2012

Do not publish

1. The trial court concluded, for instance, that Applicant's insufficient evidence and trial
court error claims are record claims and should have been raised on direct appeal. Applicant does
not claim that the evidence was insufficient or that the trial court committed error. The trial court
also concluded that claims raised and rejected on direct appeal should not be considered in a
habeas application. Applicant's claims were not raised and rejected on direct appeal.